1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT
7                              FOR THE DISTRICT OF ARIZONA
8
9    Ronnie Eugene Holland,                    No. CV-23-00440-TUC-RCC
10                  Petitioner,                 **ORDER**
11   v.
12   Ryan Thornell, et al.,
13                  Respondents.
14

15          On August 16, 2024, Magistrate Judge Bruce G. Macdonald issued a Report and
16   Recommendation ("R&R") in which he recommended the Court dismiss Petitioner
17   Ronnie Eugene Holland's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus
18   by a Person in State Custody (Non-Death Penalty) (Doc. 17.) Petitioner filed an objection
19   to the R&R (Doc. 20), and Respondents a response (Doc. 21). Upon review, the Court
20   will adopt the R&R and dismiss Petitioner's § 2254 Habeas Petition.

21   **I.     Standard of Review**

22          The standard of review of a magistrate judge's R&R is dependent upon whether or
23   not a party objects: where there is no objection to a magistrate's factual or legal
24   determinations, the district court need not review the decision "under a *de novo* or any
25   other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party
26   objects, the district court must "determine de novo any part of the magistrate judge's
27   disposition that has been properly objected to. The district judge may accept, reject, or
28   modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

### II.    § 2254 Habeas Petition

Holland's habeas petition raises two ineffective assistance of counsel ("IAC") claims for counsel's failure to retain (1) a firearms expert at trial to refute the state's ballistics expert, and (2) a forensic psychologist at trial and at sentencing who could testify as to Holland's state of mind and culpability. (Doc. 1 at 6–27.)

### III.    Magistrate's Report and Recommendation

The Magistrate Judge reviewed the Post Conviction Relief ("PCR") Court's opinion, as it was the last reasoned opinion relating to Holland's IAC claims. (Doc. 17 at 13.) The PCR Court found Holland had not demonstrated that counsel's actions were deficient or that he was prejudiced. (Doc. 10-3 at 84.)

As to the decision to not procure a forensic psychologist to assert "a mental health defense," the PCR court stated that "Defendant's own expert agreed that his behaviors could have been caused by a combination of the Defendant's claimed PTSD and his drug ingestion." (*Id.* at 82.) The PCR Court noted "voluntary ingestion of drugs is not a defense to any criminal act under the Arizona criminal code, and that includes the claim of insanity." (*Id.* at 82.) Thus, the PCR Court concluded, it was not ineffective for counsel to decline to present an expert for a defense that was precluded. (*Id.*)

Addressing the failure to call a firearms expert, the PCR Court stated, "it is pure speculation that the opinions proffered by the Defendant's expert for these proceedings would have reasonably changed the outcome of the trial" and speculation cannot be used to prove ineffectiveness. (*Id.*) Finally, the PCR Court reiterated the abundance of evidence against Holland and determined that he had not shown he was prejudiced by counsel's inaction. (*Id.* at 82–83.)

The Magistrate's R&R explained that the district court evaluates a petitioner's IAC claim by considering "whether the state trial court's application of the *Strickland* standard to his claims was unreasonable." (Doc. 17 at 13.) This doubly deferential

review, the Magistrate noted, differs from a simple determination as to whether counsel's performance was deficient—Petitioner must show the state court's alleged error in applying *Strickland* "lies beyond any possibility for fairminded disagreement." (*Id.* at 13–14 (citing *Shinn v. Kayer*, 592 U.S. 111, 118 (2020).) The Magistrate Judge provided a detailed description of the evidence against Holland and found that the PCR Court reasonably applied the *Strickland* standard to Holland's IAC claims. (*Id.* at 13–18.)

The Magistrate dismissed Petitioner's "references [to] his Fifth Amendment right to a fair trial and Fourteenth Amendment due process rights in discussing his second [IAC] claim," stating "his cursory reference is insufficient for habeas relief. (*Id.* at 12 (first citing *Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995), then citing *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).)

Finally, the Magistrate Judge stated that the evidentiary hearing Holland requested was inappropriate. (*Id.* at 18 (citing *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).)

## IV.    *Petitioner's Objections*

Petitioner first objects to the Magistrate's conclusion that the PCR Court properly applied the *Strickland* standard as to his claims of ineffective assistance of counsel for failing to call a firearms expert. (Doc. 20 at 3.) He claims the Magistrate simply "rubber stamped" and "parroted" the PCR Court's opinion. (*Id.* at 3–6.) Holland believes the PCR Court's application of the *Strickland* standard for IAC claims was unreasonable. (*Id.*) He argues where the state had an expert he should have a counter-expert on firearms. (*Id.* at 4.)

To raise a colorable claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, and that petitioner was prejudiced because of counsel's deficient actions. *Strickland v. Washington*, 466 U.S. 668, 686–90, (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689). Ineffective assistance of counsel claims in a habeas petition are "doubly" deferential. *Harrington v. Richter*, 562

U.S. 86, 105 (2011). "The critical inquiry under § 2254(d) is whether, in light of the evidence before the . . . last state court to review the claim . . . it would have been reasonable to reject Petitioner's allegation of deficient performance for any of the reasons [the state court] expressed." *Cannedy v. Adams*, 706 F.3d 1148, 1159 (9th Cir. 2013), *amended on denial of reh'g*, 733 F.3d 794 (9th Cir. 2013) (citing *Harrington*, 562 U.S. at 101). Under this deference, prejudice requires a petitioner demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington*, 562 U.S. at 104. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

Holland has not shown the Magistrate Judge erred when he determined that the PCR Court reasonably applied the *Strickland* standard. At trial, a firearms examiner testified that the handgun and ammunition confiscated from the truck were tested and that he could *not be certain* the bullets recovered at the scene came from the gun, but also *could not eliminate* the gun. (Doc. 10-6 at 35, 37.) Even if counsel had employed its own expert, the testimony was not the crux of the case against Holland, nor is it more likely than not that the introduction of a firearms expert for Holland would have changed the outcome. Both the PCR Court and the Magistrate Judge detailed the abundance of testimony and evidence against Petitioner. (*See* Doc. 10-3 at 83; Doc. 17 at 2–8, 15–16.) Upon de novo review, the Court agrees with the Magistrate Judge; Holland has not shown prejudice or that calling a ballistics expert was necessary for effective representation—both of which are prerequisites for a meritorious IAC claim under *Strickland*. Therefore, the PCR Court's assessment was not unreasonable.

Holland also disputes the Magistrate's conclusion that no evidentiary hearing was warranted. However, the Magistrate was correct; there are only certain circumstances in which the district court may hold an evidentiary hearing for a § 2254 habeas petition. *See* 28 U.S.C. § 2254(e)(2). These include when "the claim relies on[] a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,"

or with "a factual predicate that could not have been previously discovered the through the exercise of due diligence. *Id.* § 2254(e)(2)(A). Additionally, "the facts underlying the claim [must] be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B). The Magistrate Judge correctly concluded that Holland's case did not present these circumstances.

Finally, Holland contends that the R&R erroneously concluded that his cursory references to the Fifth Amendment right to a fair trial and Fourteenth Amendment due process rights were insufficient for habeas relief on his second claim that counsel was ineffective for failing to present a forensic psychologist. (Doc. 20 at 2.)  He claims he referenced these constitutional claims to show the prejudicial harm he suffered due to his trial counsel's failure to call expert testimony. Upon de novo review, the Court finds Holland did not suffer prejudice, and the Magistrate Judge correctly opined that he references to Fifth and Fourth Amendment violations were insufficient to support habeas relief. *See Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Holland does not make specific objections to the findings in the R&R regarding his second claim, which concerns the failure to call a forensic psychologist. As such, his general objection is insufficient to warrant de novo review. *See* Fed. R. Civ. P. 72(b)(2). However, the Court has reviewed the record and agrees with the Magistrate Judge that the PCR Court's conclusion that Holland had not shown counsel was ineffective for failing to present a mental health expert was reasonable.

///
///
///
///
///
///

- 5 -

Accordingly, IT IS ORDERED:

1) Magistrate Judge Bruce G. Macdonald's Report and Recommendation is ADOPTED. (Doc. 17.)

2) Petitioner Ronnie Eugene Holland's Petition for a Writ of Habeas Corpus is DENIED and this action is DISMISSED WITH PREJUDICE. (Doc. 1.)

3) A certificate of appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of February, 2025.


Honorable Raner C. Collins
Senior United States District Judge